UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISH CHAMBERS,<br>Booking No. 22724777,<br>Plaintiff,<br>vs.<br>SDCJ SHERIFF DEPARTMENT, et al.,<br>Defendants. | Case No.: 26-cv-4766-RSH-BJW<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS*** |

On August 19, 2026, plaintiff Parrish Chambers, while detained at San Diego Central Jail, and proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff seeks $200,520 in damages based on claims that unidentified San Diego County Sheriff Department officials destroyed his property, failed to timely provide an X-ray or brace for a wrist injury, exposed him to toxic mold, and subjected him to generally "unlivable" conditions at the Central Jail in January and March 2026. *Id.* at 1, 5.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). In addition, because Plaintiff is a prisoner, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a motion seeking permission to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

For these reasons, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a) and **GRANTS** Plaintiff leave to re-open the case within forty-five (45) days of the date of this Order. To successfully re-open the case, Plaintiff must either: (a) pay the entire $405 civil filing and administrative fee; *or* (b) complete and file a motion to proceed IFP which includes a certified copy of trust account statement for the 6-month period preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b). If Plaintiff fails to do either of these things within 45 days, this action will remain dismissed without prejudice based on his failure to pay the filing fees required by 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated: November 2, 2026

Hon. Robert S. Huie
United States District Judge